UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIRBY CAMERON PERRITTE,

    Petitioner,

v.                                                  CASE NO. 6:09-cv-897-Orl-31KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the amended petition (Doc. No. 12), the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 14). Petitioner filed a reply to the response (Doc. No. 27).

Petitioner alleges two claims for relief in his habeas petition: (1) trial counsel was ineffective for failing to call an expert that would have demonstrated that the damage to the victim's hymen could have been caused by using feminine hygiene products; and (2) appellate counsel was ineffective for failing to argue on appeal that the trial court erred when it closed the courtroom during certain witness testimony.

I.  *Procedural History*

Petitioner was charged with two counts of capital sexual battery for offenses committed on his girlfriend's daughter, K.K. After a jury trial, Petitioner was convicted as charged of count one and acquitted of count two. The state trial court sentenced Petitioner to a term of life imprisonment and found him to be a sexual predator. Petitioner appealed, raising one issue in his initial brief. The Fifth District Court of Appeal affirmed Petitioner's conviction and sentence. *Perritte v. State*, 912 So. 2d 332, 333 (Fla. 5th DCA 2005).

Petitioner filed a state habeas corpus petition alleging ineffective assistance of appellate counsel with the Fifth District Court of Appeal, arguing one ground for relief. The appellate court denied the petition without discussion. Petitioner also filed a Rule 3.850 motion for post-conviction relief pursuant to the Florida Rules of Criminal Procedure. The state trial court summarily denied the motion. On appeal, the Fifth District Court of Appeal *per curiam* affirmed.

Petitioner then filed a Rule 3.800(a) motion to correct illegal sentence, which was denied by the state trial court. The appellate court *per curiam* affirmed. Finally, Petitioner filed a second Rule 3.850 motion alleging newly discovered evidence. The state trial court summarily denied the motion. On appeal, the Fifth District Court of Appeal affirmed *per curiam*. The instant federal habeas corpus petition follows.

II. *Legal Standards*

    A.  *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable."[1]  *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.     *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Analysis

#### A. Claim One

Petitioner claims that trial counsel was ineffective for failing to call an expert that would have demonstrated that the damage to the victim's hymen could have been caused by using feminine hygiene products (Doc. No. 1 at 3-4). Specifically, Petitioner contends that an expert could have testified that repeated use of tampons could cause the damage

found after Nurse Deborah Scott medically examined the victim's genitalia. *Id.* at 4. Petitioner raised this ground in his Rule 3.850 motion for post-conviction relief (App. E at 14). The state trial court summarily denied relief, stating the following:

> If the use of tampons caused injury consistent with "blunt penetrating trauma," then every woman who uses tampons is subject to repeatedly injuring herself in a serious manner, such that it would lead an examiner to conclude there had been forced sexual penetration. The Court finds this to be a highly unlikely and incredible premise.
>
> Furthermore, the victim testified that the first incident of sexual penetration occurred when she was nine, prior to the onset of her menstrual periods, and she was bleeding and in pain after that incident. In addition, nurse Scott testified that the victim had vaginal defects consistent with blunt penetrating trauma and exhibited a "learned relaxation response" to penetration. *See* trial transcript, pages 150-160 and 254-255.
>
> This Court finds there is no reasonable probability that the outcome of the trial would have been different if counsel had presented a defense based on the theory that tampons cause the abnormal findings described by the nurse. Finally, such a defense would have simply lacked credibility. Therefore, Defendant cannot establish deficient performance or prejudice.

*Id.* at 114, 120. The Fifth District Court of Appeal *per curiam* affirmed. *Id.* at 124.

Petitioner has not demonstrated that he is entitled to relief. Petitioner did not attach an affidavit from a potential defense expert in the state court. However, Petitioner now attempts to expand the record by filing an affidavit from Dr. Edward N. Willey with his reply. However, the Court finds that it cannot consider this new document presented for the first time in this proceeding (Doc. No. 27-3, Exhibit K). To expand the record under Rule 7 of the Rules Governing Section 2254 Cases, a petitioner must satisfy the requirements of 28 U.S.C. § 2254(e)(2), which states that a petitioner may not present

evidence in a federal habeas proceeding that was not considered by the state court if he or she "failed to develop the factual basis of a claim in the state court." *See Holland v. Jackson*, 542 U.S. 649 (2004); *Adamson v. McNeil*, No. 3:08cv202/RV/EMT, 2010 WL 144995, at *8 (N.D. Fla. Jan. 8, 2010). Petitioner admits that he is attempting to expand the record (Doc. No. 27 at 9). Petitioner did not file this affidavit in the state court, nor does Petitioner cite any reasons why the affidavit could not be presented during his state court proceedings. Petitioner has failed to develop the factual basis of this claim in the state court, and thus, the Court will not consider this document.

To the extent that the Court could consider Dr. Willey's affidavit, the Court notes that it does not support Petitioner's claim. In the affidavit Dr. Willey opines that while witness Scott testified at trial that the victim's injuries were "consistent" with blunt penetrating trauma, "consistent" only means that blunt penetrating trauma was possible and not that blunt penetrating trauma happened beyond a reasonable doubt (Doc. No. 27-3, Exhibit K). The affidavit does not state that the victim's injuries could have been caused by using feminine hygiene products. *Id.* Petitioner has not shown that any prejudice resulted from counsel's failure to call an expert to testify at trial, because there is no indication that an expert would have testified that the victim's injuries could have been caused by feminine hygiene products. Petitioner has failed to demonstrate that the state trial court's determination of this claim was contrary to, or involved an unreasonable application of clearly established federal law. Accordingly, claim one is denied.

    B.    *Claim Two*

In his second claim Petitioner alleges appellate counsel was ineffective for failing to argue on appeal that the trial court erred when it closed the courtroom during certain witness testimony (Doc. No. 12 at 6). Specifically, Petitioner contends that the trial court *sua sponte* closed the courtroom while victim K.K. and her sister testified at trial. *Id.* Petitioner alleges that trial counsel timely objected to the closure and thus the issue was preserved for appeal. *Id.*

Respondents argue that this claim is unexhausted. This Court agrees. Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing Picard, 404 U.S. at 275-76) (internal quotation marks omitted); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005).

The Court cannot consider the instant claim because the state appellate court did not consider the merits of Petitioner's claim. Petitioner did not raise this claim in his original petition alleging ineffective assistance of counsel filed with the state appellate court (App. C at 1-20). After the state filed a response to the petition and Petitioner filed a reply, Petitioner then filed an amended petition with the appellate court, along with a motion for a supplemental order to show cause (Doc. No. 27-2). Petitioner raised the instant claim in

his amended petition. *Id.* In his motion, Petitioner asked the state appellate court to consider his new claim and asked the court to order the State to show cause why relief should not be granted. *Id.* The Fifth District Court of Appeal denied the first petition and Petitioner's motion for supplemental order to show cause, thus indicating that it did not consider the claim raised in the amended petition for writ of habeas corpus.

Moreover, the Court is precluded from considering this claim, as the claim would be procedurally defaulted if Petitioner returned to state court. *Smith v. Secretary Department of Corrections*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")). Petitioner could not return to the state court to raise this ground, as a second petition for writ of habeas corpus alleging ineffective assistance of appellate counsel would be untimely or successive. Fla. R. App. P. 9.141(c)(4)(B) & 5(c). Thus, this claim is procedurally defaulted.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner

must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense, in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

Petitioner has neither alleged nor shown cause or prejudice that would excuse any procedural default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim two is procedurally barred from review.

Even if the Court could consider Petitioner's claim on the merits, he has not demonstrated that he is entitled to relief. A review of the record indicates that at trial, the State asked the trial court to close the courtroom during the victim's testimony (App. B at 132). There is no indication that defense counsel objected at that time. *Id.* at 132, 138.


Florida appellate courts will not consider the merits of a Sixth Amendment public trial claim on direct appeal if no objection was made at the trial level. *See Jones v. State*, 883 So. 2d 369, 370 (Fla. 3d DCA 2004) (citing *Occhicone v. State*, 570 So. 2d 902, 905-06 (Fla. 1990)). Thus, appellate counsel cannot be ineffective for failing to raise this ground on direct appeal, as it was not preserved for review. Moreover, appellate counsel's performance will not be deemed prejudicial because the neglected claim did not have a reasonable probability of success on appeal. *See Heath v. Jones*, 941 So. 2d 1126, 1132 (11th Cir. 1991). Accordingly, claim two is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

*IV.    Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus filed by Kirby Cameron Perritte (Doc. No. 12) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 13th day of July, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 7/13
Counsel of Record
Kirby Cameron Perritte